## United States Bankruptcy Court
## Northern District of Georgia

**VOLUNTARY PETITION**

| | |
|---|---|
| IN RE (Name of debtor - if individual, enter Last, First, Middle)<br>**HARRIS, GLENESE, LAFAYE** | NAME OF JOINT DEBTOR (Spouse) (Last, First, Middle) |
| ALL OTHER NAMES used by the debtor in the last 6 years (Include married, maiden, and trade names) | ALL OTHER NAMES used by the joint debtor in the last 6 years (Include married, maiden, and trade names) |
| SOC. SEC./TAX I.D. NO. (If more than one, state all)<br>252 33 8284 | SOC. SEC. TAX/I.D. NO. (If more than one, state all) |
| STREET ADDRESS OF DEBTOR (No. and street, city, state, and zip code) | STREET ADDRESS OF JOINT DEBTOR (No. and street, city, state and zip code) |

03-93211

| | |
|---|---|
| STREET ADDRESS OF DEBTOR (No. and street, city, state, and zip code)<br>3737 Redan Road, Apartment 2604<br>Decatur, GA 30032 | COUNTY OF RESIDENCE OR PRINCIPAL PLACE OF BUSINESS Dekalb |
| MAILING ADDRESS OF DEBTOR (If different from street address)<br>N/A | COUNTY OF RESIDENCE OR PRINCIPAL PLACE OF BUSINESS |
| LOCATION OF PRINCIPAL ASSETS OF BUSINESS DEBTOR (If different from address listed above)<br>N/A | MAILING ADDRESS OF DEBTOR (If different form street address) |

VENUE (Check one box)

■ Debtor has been domiciled or has had a residence or principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
□ This is a bankruptcy case concerning debtor's affiliate, general parties, or partnership pending in this District.

### INFORMATION REGARDING DEBTOR (Check applicable boxes)

| TYPE OF DEBTOR | |
|---|---|
| ■ Individual | □ Corporation Publicly Held |
| □ Joint (Husband and Wife) | □ Corporation Not Publicly Held |
| □ Partnership | □ Municipality |
| □ Other _____ | |

**NATURE OF DEBT**
■ Non-Business/Consumer    □ Business - Complete A & B below

**A. TYPE OF BUSINESS (Check one)**

| | | |
|---|---|---|
| □ Farming | □ Transportation | □ Commodity Broker |
| □ Professional | □ Manufacturing/ | □ Construction |
| □ Retail/Wholesale | Mining | □ Real Estate |
| □ Railroad | □ Stockbroker | □ Other Business |

**B. BRIEFLY DESCRIBE NATURE OF BUSINESS**

**CHAPTER (OR SECTION OF BANKRUPTCY CODE UNDER WHICH THE PETITION IS FILED (Check one box)**

| | | |
|---|---|---|
| ■ Chapter 7 | □ Chapter 11 | □ Chapter 13 |
| □ Chapter 9 | □ Chapter 12 | □ Sec. 304 - Case Ancillary to Foreign Proceeding |

**FILING FEE (Check one box)**
■ Filing fee attached
□ Filing fee to be paid in installments. (Applicable to individuals only.) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3.

**NAME AND ADDRESS OF LAW FIRM OR ATTORNEY**
Guy W. Gupton, III State Bar No. 315750
235 Peachtree Street, N.E.,
The North Tower, Suite 400, Atlanta, GA 30303
Telephone No. (404) 523-1087

**NAME(S) OF ATTORNEY(S) DESIGNATED TO REPRESENT DEBTOR (Print or Type Names)**
Guy W. Gupton, III

□ Debtor is not represented by an attorney

### STATISTICAL/ADMINISTRATIVE INFORMATION (U.S.C. § 604)
(Estimates only) (Check applicable boxes)

□ Debtor estimates that funds will be available for distribution to unsecured creditors.
■ Debtor estimates that after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

**ESTIMATED NUMBER OF CREDITORS**

| 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|
| ■ | □ | □ | □ | □ | □ |

**ESTIMATED ASSETS (In thousands of dollars)**

| Under 50 | 50-99 | 100-499 | 500-999 | 1000-999 | 10,000-999,999 | 100,000-over |
|---|---|---|---|---|---|---|
| ■ | □ | □ | □ | □ | □ | □ |

**ESTIMATED LIABILITIES (In thousands of dollars)**

| Under 50 | 50-99 | 100-499 | 500-999 | 1000-999 | 10,000-999,999 | 100,000-over |
|---|---|---|---|---|---|---|
| ■ | □ | □ | □ | □ | □ | □ |

**JUDGE**

| | |
|---|---|
| COTTON | DRAKE |
| BIHARY | MASSEY |
| BRIZENDINE | MULLINS |
| BONAPFEL | MURPHY |

THE HONORABLE COURT US

**INTERIM TRUSTEE**

| 1 | 6 | 11 | 16 | 21 | 26 |
|---|---|---|---|---|---|
| 2 | 7 | 12 | 17 | 22 | 27 |
| 3 | 8 | 13 | 18 | 23 | 28 |
| 4 | 9 | 14 | 19 | 24 | 29 |
| 5 | 10 | 15 | 20 | 25 | 30 |
| | | 97 | 98 | 99 | |

| FEE | | 13 TRUSTEE |
|---|---|---|
| PAID | 170 | 13B |
| BALANCE | | 13T |
| ADMIN | 50 | |

U.S. BANKRUPTCY COURT NORTHERN DISTRICT OF GEORGIA FILED
03 MAR 24 PM 12: 53
VONNE EVANS
DEPUTY CLERK

Name of Debtor _____

Case No. _____
(Court Use Only)

| FILING OF PLAN | | |
|---|---|---|
| For Chapter 9, 11, 12 and 13 cases only.  Check appropriate box | | |
| ☐ A copy of debtor's proposed plan dated _____ is attached. | ☐ | Debtor intends to file a plan within the time allowed by statute, rule or order of the court. |

| PRIOR BANKRUPTCY CASE FILED WITHIN LAST 6 YEARS (If more than one, attach additional sheet) | | |
|---|---|---|
| Location Where Filed **None** | Case Number | Date Filed |

| PENDING BANKRUPTCY CASE FILED BY ANY SPOUSE, PARTNER, OR AFFILIATE OF THE DEBTOR (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor | Case Number | Date |
| Relationship | District | Judge |

**REQUEST FOR RELIEF**

Debtor requests relief in accordance with the chapter of title 11, United States Code specified in this petition

**SIGNATURES**

ATTORNEY    3/8/03

X _____    Date
Signature

| INDIVIDUAL/JOINT DEBTOR(S) | CORPORATE OR PARTNERSHIP DEBTOR |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. | I declare under penalty of perjury that the information provided in this petition is true and correct and that the filing of this petition on behalf of the debtor has been authorized. |
| X _____ Signature of Debtor | X _____ Signature of Authorized Individual |
| 3-8-03 Date | _____ Print or Type Name of Authorized Individual |
| X _____ Signature of Joint Debtor | _____ Title of Individual Authorized by Debtor to File this Petition |
| _____ Date | _____ Date |

EXHIBIT "A" (To be completed if debtor is a corporation, requesting relief under Chapter 11)

☐ Exhibit "A" is attached and made a part of this petition

**TO BE COMPLETED BY INDIVIDUAL CHAPTER 7 DEBTOR WITH PRIMARILY CONSUMER DEBTS (See P.L. 98-353 § 322)**

I am aware that I may proceed under chapter 7, 11, or 12, or 13 of title 11, United States Code, understand the relief available under such chapter, and choose to proceed under chapter 7 of such title.

If I am represented by an attorney Exhibit B has been completed.

X _____    3-8-03
Signature of Debtor    Date

X _____    _____
Signature of Joint Debtor    Date

**EXHIBIT "B" (To be completed by attorney for individual chapter 7 debtor(s) with primarily consumer debts)**

I, the attorney for the debtor(s) named in the foregoing petition, declare that I have informed the debtor(s) that (he, she, or they) may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under such chapter.

3/8/03

X _____    _____
Signature of Attorney    Date

# FORM 7. STATEMENT OF FINANCIAL AFFAIRS

## UNITED STATES BANKRUPTCY COURT
### Northern District of Georgia

In re: <u>GLENESE LAFAYE HARRIS,</u>
(Name)  Debtor

### *STATEMENT OF FINANCIAL AFFAIRS*

---

*1. Income from employment or operation of business*

None

☐ State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the *two years* immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| | AMOUNT | SOURCE (if more than one) |
|---|---|---|
| 2001 | $12,000.00(est.) | JFK Enterprises |
| 2002 | $17,000.00(est.) | JFK Enterprises/Dekalb County |
| 2003 | $3,600.00(est.) | Dekalb County |

**2. Income other than from employment or operation of business**

None

☒ State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the *two years* immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                                              SOURCE

---

**3. Payments to creditors**

None

☒ a. List all payments on loans, installments purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within *90 days* immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

None

☒ b. List all payments made within *one year* immediately preceding the commencement of this case to or for the benefit of creditors who are were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

**4. Suits, executions, garnishments and attachments**

None

☒ a. List all suits to which the debtor is or was a party within *one year* immediately preceding the filing of this bankruptcy case.

(Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION AND CASE NUMBER | NATURE OF PROCEEDING | COURT AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None

☒ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within *one year* immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 5. Repossessions, foreclosures and returns

None

☒ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within *one year* immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 6. Assignments and receiverships

None

☒ a. Describe any assignment of property for the benefit of creditors made within *120 days* immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None

☒ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within *one year* immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition if filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None

☒

List all gifts or charitable contributions made within *one year* immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|
| | | | |

**8. Losses**

None

☒

List all losses from fire, theft, other casualty or gambling within *one year* immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|
| | | |

**9. Payments related to debt counseling or bankruptcy**

None

☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within *one year* immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION OF VALUE OF PROPERTY |
|---|---|---|
| Guy W. Gupton, III Suite 400, The North Tower 235 Peachtree Street N.E. Atlanta, GA 30303-1901 | February 1, 2003 March 8, 2003 | $40.00 plus filing fee $10.00 |

## 10. *Other transfers*

None
☒

    a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within *one year* immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE,   DATE RELATIONSHIP TO DEBTOR | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- |

## 11. *Closed financial accounts*

None
☒

    List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within *one year* immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE AND NUMBER OF ACCOUNT AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

## 12. *Safe deposit boxes*

None
☒

    List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuable within *one year* immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAME AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

**13. *Setoffs***

None

☒

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|
| | | |

**14. *Property held for another person***

None

☒

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|
| | | |

**15. *Prior address of debtor***

None

☐

If the debtor has moved within the *two years* immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 1785 Santa Cruz Drive Decatur, GA 30032 | Glenese Harris | 1998 - January, 2002 |
| 2127 Flat Shoals Road, S.E. Apartment No. 8 Atlanta, GA 30316 | Glenese Harris | January, 2002 - January, 2003 |

**16. *Spouses and Former Spouses***

None

☒

a. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the *six-year period* immediately preceding the commencement of the case, identify the name of the debtor's spouse and any former spouse who resides with the debtor in the community property state.

**17. *Environmental Information***

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regarding the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None

☒   a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

None

☒   b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None

☒   c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

### 18. *Nature, location and name of business*

None

☒   a. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the *six years* immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the *six years* immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities, within the *six years* immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the *six years* immediately preceding the commencement of this case.

None

☒   b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. §101.

*(If completed by an individual or individual and spouse)*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date: 3-8-03      Signature _~~Blenese Hand~~_
                of Debtor

Date: _____     Signature _____
                of Joint Debtor
                (if any)

_____0_____ continuation sheets attached

*Penalty for making a false statement or concealing property. Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.*

In re:   GLENESE LAFAYE HARRIS
                Debtor

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| None | | | | |
| | | Total ▶ | $-0- | |

(Report also on Summary of Schedules)

In re:   GLENESE LAFAYE HARRIS
        Debtor

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY (Unless otherwise specified, all personal property located at debtor's residence.) | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  Cash on hand. | x | | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | x | | | |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | | Security deposit. | | $300.00 |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | Furniture, miscellaneous household goods, miscellaneous electronics. | | $3,500.00 |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | x | | | |
| 6.  Wearing apparel | | Clothing. | | $200.00 |
| 7.  Furs and jewelry. | | Jewelry. | | $200.00 |
| 8.  Firearms and sports, photographic, and other hobby equipment. | x | | | |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | x | | | |
| 10. Annuities, itemize and name each issuer. | x | | | |

In re:    GLENESE LAFAYE HARRIS
                  Debtor

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 11. Interests in IRA, ERISA, Keogh, or other pension of profit sharing plans.  Itemize. | | ERISA qualified right to periodic payment of pension benefits upon retirement. | | Indeterminate |
| 12. Stock and interest in incorporated and unincorporated businesses. Itemize. | x | | | |
| 13. Interests in partnerships or joint ventures.  Itemize. | x | | | |
| 14. Government and corporate bonds and other negotiable and non-negotiable instruments. | x | | | |
| 15. Accounts receivable. | x | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | x | | | |
| 17. Other liquidated debts owing debtor include tax refunds.  Give particulars. | x | | | |
| 18. Equitable or future interests, life estates, and rights of powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | x | | | |
| 19. Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | x | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to set off claims. Give estimated value of each. | | Prorated right to income tax refunds for 2003 tax year. | | $750.00(est.) |
| 21. Patents, copyrights, and other intellectual property.  Give particulars. | x | | | |
| 22. Licenses, franchises, and other general intangibles.  Give particulars. | x | | | |

In re:    GLENESE LAFAYE HARRIS
            Debtor

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 23. Automobile, trucks, trailers, and other vehicles. | | 1983 Chevrolet Caprice. 1995 Chevrolet Lumina. (83,000 miles) | | $500.00 $2,550.00 |
| 24. Boats, motor, and accessories. | x | | | |
| 25. Aircraft and accessories. | x | | | |
| 26. Office equipment, furnishings, and supplies. | x | | | |
| 27. Machinery, fixtures, equipment and supplies used in business. | x | | | |
| 28. Inventory | x | | | |
| 29. Animals. | x | | | |
| 30. Crops -growing or harvested. Give particulars. | x | | | |
| 31. Farming equipment and implements. | x | | | |
| 32. Farm supplies, chemicals, and feed. | x | | | |
| 33. Other personal property of any kind not already listed. Itemize. | x | | | |

0    continuation sheets attached

Total ▸    $8,000.00

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

In re:    GLENESE LAFAYE HARRIS
        Debtor

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemption to which debtor is entitled under:

(Check one box)

☐ 11 U.S.C. §522 (b)(1)    Exemptions provided in 11 U.S.C. §522 (d).  Note:  These exemptions are available only in certain states.

☒ 11 U.S.C. §522 (b)(2)    Exemptions available nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| DESCRIPTION AND LOCATION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| Clothing, jewelry. Furniture, miscellaneous household goods, miscellaneous electronics. | O.C.G.A. §44-13-100(a) (4),(5) | $3,900.00 | $3,900.00 |
| Prorated right to income tax refunds for 2003 tax year. Security deposit. | O.C.G.A. §44-13-100(a)(1),(6) | $1,050.00 | $1,050.00 |
| 1983 Chevrolet Caprice. 1995 Chevrolet Lumina. | O.C.G.A. §44-13-100(a)(3) | $3,050.00 | $3,050.00 |

In re:    **GLENESE LAFAYE HARRIS**
            Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

Report the total of all claims listed on this schedule in the box labeled "total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☒ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE | | | | | |

-0- Continuation sheets attached

Subtotal ► (Total of this page) &-0-

Total ► (Use only on last page ) &-0-
(Report total also on Summary of Schedules)

In re:    <u>GLENESE LAFAYE HARRIS</u>
　　　　　Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☒Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPE OF PRIORITY:

TYPE OF PRIORITY

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | | |
| ACCOUNT NO. | | | | | | | | |
| ACCOUNT NO. | | | | | | | | |
| ACCOUNT NO. | | | | | | | | |

<u>0</u>  Continuation sheets attached

Subtotal ►　$ -0-
(Total of this page)

Total ►　$ -0-
(Use only on last page of the completed Schedule E)
(Report total also on Summary of Schedules)

In re:    GLENESE LAFAYE HARRIS
          Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

Report the total of all claims listed on this schedule in the box labeled "total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured non-priority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SET-OFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 2738<br><br>Canoe Financial Corporation, Inc.<br>P.O. Box 888759<br>Atlanta, GA 30346 | | | 2001, contract liability | | | | $6,422.56(est.) |
| ACCOUNT NO.<br><br>Canoe Financial Corporation, Inc.<br>c/o Nationwide Recovery, Inc.<br>P.O. Box 1137<br>Acworth, GA 30101 | | | (Same liability as above) | | | | |
| ACCOUNT NO. 690856900105<br><br>Cingular Wireless<br>5600 Glenridge Drive<br>Suite 600<br>Atlanta, GA 30342-1357 | | | 2002, telephone service | | | | $484.00(est.) |
| ACCOUNT NO. 83229<br><br>The Park on Candler<br>c/o National Credit Systems, Inc.<br>P.O. Box 312125<br>Atlanta, GA 31131-2125 | | | 1997, leasehold liability | | | | $1,587.00(est.) |

 1  continuation sheets attached

Subtotal ▶ $8,493.56

Total ▶

(Report total also on Summary of Schedules)

In re:   GLENESE LAFAYE HARRIS
         Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SET-OFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 1974008003020  J. C. Penney P. O. Box 981131 El Paso, TX 79998-1131 | | | 1996, conceivable remaining credit line liability | | | | $50.00(est.) |
| ACCOUNT NO. 252 33 8284  AT&T Broadband P.O. Box 2127 Norcross, GA 30091-2127 | | | 1998, cable television service | | | | $300.00(est.) |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

Sheet no._1_ of_1_sheets attached to
Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ▸  $350.00

Total ▸  $8,843.56

In re    GLENESE LAFAYE HARRIS,
Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☒ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY, STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT |
|---|---|
| | |

In re    GLENESE LAFAYE HARRIS,
                Debtor

# SCHEDULE H - CODEBTORS

☒ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTORS | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

In re   GLENESE LAFAYE HARRIS,

Debtor

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| DEBTOR'S MARITAL STATUS | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| Single | NAMES<br>Michael<br>Macquezz | AGE<br>3 years old<br>1 year old | RELATIONSHIP<br>Son<br>Son |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation:   Detention technician<br>Name of Employer:   Dekalb County<br>How Long Employed:   6 months<br>Address of Employer:   Decatur, Georgia | | N/A |

| Income: (Estimate of average monthly income) | DEBTOR | SPOUSE |
|---|---|---|
| Current monthly gross wages, salary, and commission<br>(pro rate if not paid monthly) | $ 1,925.00 | $   N/A |
| Estimated monthly overtime | $ -0- | |
| **SUBTOTAL** | **$ 1,925.00** | $ |
| LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $   285.00 | $ |
| b. Insurance | $   96.00 | $ |
| c. Union dues | $   -0- | $ |
| d. Other (Specify)      (Mandatory pension) | $   10.00 | $ |
| SUBTOTAL OF PAYROLL DEDUCTIONS | **$ 391.00** | $ |
| TOTAL NET MONTHLY TAKE HOME PAY | **$ 1,534.00** | $   N/A |
| Regular income from operation of business or profession or farm<br>(attached detailed statement) | $ -0- | $ |
| Income from real property | $ -0- | $ |
| Interest and dividends | $ -0- | $ |
| Alimony, maintenance or support payments payable to the debtor for the<br>debtor's use or that of dependents listed above. | $ -0- | $ |
| Social security or other government assistance<br>(Specify)   (Social Security received for children) | $ 754.00 | $ |
| Pension or retirement income | $ -0- | $ |
| Other monthly income | $ -0- | $ |
| (Specify) _____ | $ -0- | $ |
| TOTAL MONTHLY INCOME | **$ 2,288.00** | $ |

$2,288.00
Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

In re    GLENESE LAFAYE HARRIS,
Debtor

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTORS

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family.  Pro rate any
payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of
expenditures labeled "Spouse."

| | |
|---|---:|
| Rent or home mortgage payment (include lot rented for mobile home) | $640.00 |
| Are real estate taxes included?          Yes_____ No_____ | |
| Is property insurance included?          Yes_____ No_____ | |
| Utilities | |
| Electricity and heating fuel | $125.00 |
| Water and sewer | $25.00 |
| Telephone | $45.00 |
| Other_____ | .00 |
| Maintenance(Repairs and upkeep) | .00 |
| Food | $314.00 |
| Clothing | $25.00 |
| Laundry and dry cleaning | $15.00 |
| Medical and dental expenses | $25.00 |
| Transportation (not including car payments) | $75.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | .00 |
| Charitable contributions/Religious giving | .00 |
| Insurance (not deducted from wages or included in home mortgage payments) | |
| Homeowner's or renter's | .00 |
| Life | .00 |
| Health | .00 |
| Auto | $133.00 |
| Other_____ | .00 |
| Taxes (not deducted from wages or included in home mortgage payments) | |
| (Specify) _____ | .00 |
| Installment payments (In chapter 12 and 13 cases, do not list payments to be included in the plan) | |
| Auto | .00 |
| Other_____ | .00 |
| Other_____ | .00 |
| Alimony, maintenance, and support paid to others | .00 |
| Payments for support of additional dependents not living at your home | .00 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | .00 |
| Other    (Child care)_____ | $866.00 |
| | |
| TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | $2,288.00 |

United States Bankruptcy Court for the Northern District of Georgia                    Case No. _____

In re:    **GLENESE LAFAYE HARRIS,**
          Debtor

                                                                    Debtor

*Social Security No.* 252 33 8284

The undersigned, pursuant to Rule 2016(b), Bankruptcy Rules, states that:

(1)    The undersigned is the attorney for the debtor(s) in this case.

(2)    The compensation paid or agreed to be paid by the debtor(s) to the undersigned is
       (a)for legal services rendered or to be rendered in contemplation of and in connection with this case        $550.00
       (b)prior to filing this statement, debtor(s) have paid        $50.00
       (c)the unpaid balance due and payable is        $500.00*
                                        *$15.00 for pre-petition services, balance for post-petition services.

(3)    $200.00 of the filing fee in this case has been paid.

(4)    The services rendered or to be rendered include the following:
       (a)analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to
file a petition under Title 11 of the United States Code.
       (b)preparation and filing of the petition, schedules, statement of affairs and other documents required by the court.
       (c)representation of the debtor(s) at the meeting of creditors.

(5)    The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for services performed,
and

(6)    The source of payments to be made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will be from earnings,
wages and compensation for services performed,and

(7)    The undersigned has received no transfer, assignment or pledge of property except the following for the value stated:

(8)    The undersigned has not shared or agreed to share with any other person, other than with members of undersigned's law firm,any
compensation paid or to be paid except as follows:

Dated: ___3/8/03___        Respectfully submitted, _____        *Attorney* for Petitioner

*Attorney's name and address*    Guy W. Gupton, III, Suite 400, 235 Peachtree Street, Atlanta, Georgia  30303

**STATEMENT - PURSUANT TO RULE 2016(b)**

United States Bankruptcy Court for the Northern District of Georgia

In Re: <u>GLENESE LAFAYE HARRIS</u>,                                            Chapter 7


        Debtor

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

1. I, the Debtor, have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate.

2. My intention with respect to the property of the estate which secures those consumer debts is as follows:

    a. <u>Property to be Surrendered:</u>

        Description of Property                                    Creditor's name

1.      N/A



    b. <u>Property to be Retained:</u>

| Description of property | Creditor's name | Debt will be reaffirmed pursuant to §524(c) | Property is claimed as exempt and will be redeemed pursuant to §722 | Lien will be avoided pursuant to §522(f) and property will be claimed as exempt |
|---|---|---|---|---|
| 1.  N/A | | | | |



3. I understand that §521(2)(B) of the Bankruptcy Code requires that I perform the above stated intention within 45 days of the filing of this statement with the court, or within such additional time as the court, for cause, within such 45 day period fixes.

Date:  3 - 8 - 03

                                                        _Glenese Harris_
                                                            Debtor

# United States Bankruptcy Court

Northern District of Georgia

In re  <u>GLENESE LAFAYE HARRIS,</u>
Debtor

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I and J in he boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A.  Real Property | Yes | 1 | $-0- | | |
| B.  Personal Property | Yes | 3 | $8,000.00 | | |
| C.  Property Claimed As Exempt | Yes | 1 | | | |
| D.  Creditor Holding Secured Claims | Yes | 1 | | $-0- | |
| E.  Creditor Holding Unsecured Priority Claims | Yes | 1 | | $-0- | |
| F.  Creditor Holding Unsecured Nonpriority Claims | Yes | 2 | | $8,843.56 | |
| G.  Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H.  Codebtors | Yes | 1 | | | |
| I.  Current Income of Individual Debtor(s) | Yes | 1 | | | $2,288.00 |
| J.  Current Expenditure of Individual Debtor(s) | Yes | 1 | | | $2,288.00 |
| Total Number of sheets in ALL Schedules ► | | 13 | | | |
| Total Assets ► | | | $8,000.00 | | |
| Total Liabilities ► | | | | $8,843.56 | |

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___14___
(Total shown on summary page plus 1)
sheets, and that they are true and correct to the best of my knowledge, information and belief.

Date  3 -8 -03 _____        Signature _____
                                                        Debtor

**(If joint case, both spouses must sign)**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

*Penalty for making a false statement or concealing property.* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. § § 152 and 3571.

```
                U. S. BANKRUPTCY COURT
             NORTHERN DISTRICT OF GEORGIA
                   ATLANTA DIVISION

                  # 01025652 - CW
                  March 24, 2003



      Code        Case No      Qty       Amount By

      7           03-93213              $200.00 CA
         Judge  - James E. Massey
         Debtor - N. MAJLISH
      7           03-93211              $200.00 CA
         Judge  - Joyce Bihary
         Debtor - G. L. HARRIS
      7           03-93212              $200.00 CA
         Judge  - C. Ray Mullins
         Debtor - B. TOLIVER
      AM          02-83043              $20.00 CA
         Judge  - Robert E. Brizendine
         Debtor - S. A. CHISM
      AM          03-91239              $20.00 CA
         Judge  - James E. Massey
         Debtor - D. L. BROWN


      TOTAL:                            $640.00


      FROM: GUY W GUPTON III
            235 Peachtree St. NE
            The North Tower Ste. 400
            Atlanta, GA.   30303
```

Page 1

# CASE NUMBER:    03-9321

## Trustee: ROBERT TRAUNER  (18)

## 341 Meeting: 4-28-03 @ 3:00  RM 367

# 03-93211



# JUDGE

## NEW PETITION CHECKLIST

(Circle One)

~~CHAPTER 7~~    CHAPTER 11    CHAPTER 12    CHAPTER 13

BUSINESS    or    ~~NON BUSINESS~~

( ✓ )  COMPLETE PETITION
(   )  INCOMPLETE PETITION

<u>CHECK-MARK THE FOLLOWING DOCUMENTS THAT ARE MISSING:</u>

(   )  CHAPTER 13 PLAN
        (Notice of Plan Summary to be served by Debtor/Attorney)
(   )  STATEMENT OF FINANCIAL AFFAIRS
(   )  SCHEDULES:

<u>A    B    C    D    E    F    G    H    I    J</u>
(   )  ATTORNEY DISCLOSURE STATEMENT
(   )  STATEMENT OF INTENT (See Schedule D)
(   )  SUMMARY OF SCHEDULES
(   )  LIST OF EQUITY SECURITY HOLDERS
(   )  20 LARGEST UNSECURED CREDITORS
(   )  PRO SE AFFIDAVIT (To be returned within 5 days of
        filing date)

| FEE | |
|---|---|
| PAID | 170 |
| BALANCE | / |
| ADMIN | 30 |

|      <u>JUDGE</u>       |  <u>CHAPTER 13 TRUSTEE</u>  |        |
|---|---|---|
| ~~COTTON~~ | DRAKE | 13B |
| BIHARY | MASSEY | |
| ~~BRIZENDINE~~ | MULLINS | 13T |
| BONAPFEL | MURPHY | |

<u>INTERIM TRUSTEE</u>

| 1 | 6 | 11 | 16 | 21 | 26 |
|---|---|---|---|---|---|
| 2 | 7 | 12 | 17 | 22 | 27 |
| 3 | 8 | 13 | 18 | 23 | 28 |
| 4 | 9 | 14 | 19 | 24 | 29 |
| 5 | 10 | 15 | 20 | 25 | 30 |
| 97 | 98 | 99 | | | |

(   )  ATTY/DEBTOR INFORMED THAT
        REMAINING DOCUMENTS ARE DUE TO
        BE FILED WITHIN 15 DAYS FROM FILING
        DATE

**For Court Use Only**

**Trustee:**

**341 Meeting:**

**Confirmation:**